(15 App. Div. 316.)

MANSFIELD v. MAYOR, ETC., OF CITY OF NEW YORK, et al.

(Supreme Court, Appellate Division, First Department.   March 5, 1897.)

1. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS—NEGLIGENCE OF CONTRACTOR.

A person injured by the negligence of a contractor constructing a sewer is not entitled to a lien on the contract price in the hands of the city because of provisions in the contract that the city might retain enough of the contract price to pay off any lien for labor or materials that should be filed; that the contractor would indemnify the city against any suit for negligence of the contractor in performing the work; and that the city should have the right to retain a sufficient part of the contract price until all suits or claims for such damages should have been settled; and therefore a person so injured has no right to intervene in an action brought by the contractor against the city to recover a part of the contract price retained by the city as indemnity against such claim.

2. SAME—ACQUIESCENCE BY CONTRACTOR.

In such case the contractor, by accepting the balance of the contract price, does not acquiesce in the retention by the city of part, so as to make the city a trustee for the benefit of the person injured to the extent of his claim, where the contractor does not relinquish his claim to the sum retained, but merely acknowledges payment of the balance.

Appeal from special term, New York county.

Action by William Mansfield against the mayor, aldermen, and commonalty of the city of New York, to recover money earned under a sewer contract, and against Edward Gustaveson, impleaded, and claiming damages for negligence in building the sewer. From a judgment in favor of defendant Gustaveson, the mayor, etc., appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
L. Laflin Kellogg, for respondent.

VAN BRUNT, P. J.   On the 10th of September, 1886, the mayor, aldermen, and commonalty of the city of New York entered into a contract with the plaintiff, William Mansfield, for the construction of certain drains between 144th street and Westchester avenue, in the 23d ward of the city of New York. The contract contained a provision that if, at any time before or within 30 days after the whole work under said contract agreed to be performed had been completed and accepted by the city, any person or persons claiming to have performed any labor or furnished any material towards the performance or completion of the contract should file with the department of public parks, or with the bureau having charge of the work, and with the head of the finance department of the city, any notice of lien pursuant to an act entitled "An act to secure the payment of laborers, mechanics, merchants, traders, and persons furnishing materials," etc., then and in every such case the city should retain from the moneys under its control, and due or to grow due under the agreement, so much of such moneys as should be sufficient to pay off, satisfy, and discharge the amount in such notice alleged or claimed to be due to the person or persons

filing such notice, together with the reasonable costs of any action brought to enforce such claim, or the lien created by the filing of such notice. These moneys were to be retained by the city until the lien thereon created by the said act and the filing of the said notice should be discharged, pursuant to the provisions of the said act. The contract also contained a provision to the effect that the contractor, during the performance of the work, should place proper guards around the work for the prevention of accident, and put up and keep at night, during said period, suitable and sufficient lights; and that he would indemnify the city against and from all suits and actions, of every name and description, brought against them, and all damages and costs to which they might be put, by reason or on account of any injuries or damages received or sustained by any party or parties or his or their property, by or from the contractor, in the construction of the work, or by or in consequence of any negligence or carelessness in the performance of the work or in guarding the same, or of any improper materials used in its construction, or by or on account of any act or omission of the contractor, his agents or servants; and he agreed that the whole or so much of the moneys due to him under and by virtue of the contract as should or might be considered necessary by the commissioners of the department of public parks should or might be retained by the city until all such suits or claims for damages should have been settled, and evidence to that effect furnished, to the satisfaction of said commissioners. On the 29th of March, 1889, the respondent, Edward Gustaveson, filed with the commissioners of public parks a notice of claim and lien against the contractor and the moneys due and to grow due to said contractor or his assigns on the above-mentioned contract, to the extent of the sum of $750. This notice stated that said claim is made for and by reason of damage and injury received by the claimant, through and by reason of the acts, omissions, carelessness, and want of skill on the part of the contractor in the prosecution of the work under the contract above referred to; that the acts, omissions, carelessness, and want of skill complained of consist in the carelessness and negligence of the contractor in excavating through and under the claimant's property in 145th street, and his neglect and omission to properly repair the damage done to such property, and his carelessness and negligence in making such repairs. It further stated that the contractor had wholly neglected to compensate the claimant for the damage and injury above set forth, and requested the commissioners of the department of parks to retain, from the moneys due and to grow due under the contract, such amount as might be necessary to meet such claim and the costs of such legal proceedings as might be necessary to enforce said claim. On the 21st of May, 1887, the city paid to the plaintiff the amount of the contract, retaining, as indemnity for the claim presented by Gustaveson, the sum of $1,000.

On the 16th of September, 1887, the plaintiff commenced an action against the city to recover the balance of the contract, namely, the $1,000 which had been retained by the city. In November,

1887, the defendant answered, setting up the clause in the contract providing for indemnity against any claims which might be presented against the city on account of any injury or damage to persons or property by reason of the negligence of the contractor, and alleging that on the 29th of March, 1887, Gustaveson had presented his claim above mentioned, and that, in the opinion of the commissioners, it was necessary to retain the sum of $1,000 to protect the city against said claim; that no evidence of the settlement of said claim had been presented to the defendant; and that the defendant was ready and willing to pay said sum of $1,000 upon due proof that said claim had been settled, and that no liability therefor would be sought to be enforced against the defendant. On the 18th of December, 1891, an application seems to have been made upon a petition of the respondent, Gustaveson (which petition, however, does not appear to be in the record), to be admitted as a party to this action; and an order was entered on that day directing the amendment of the complaint by adding Gustaveson as a party defendant, and by inserting proper allegations to set out his interest therein, and that a supplemental summons be issued directed to said Gustaveson, and that he be allowed to serve an answer to said complaint so amended within 10 days after the service of a copy of the amended complaint and supplemental summons upon his attorneys. It was further ordered that the issue between the plaintiff and Gustaveson should be admitted as of the date of the issue between the plaintiff and the defendant the mayor, etc., and that the position of the case upon the calendar should not be affected, and that Gustaveson should accept short notice of trial. It was further ordered that the order should not affect the complaint of the plaintiff as against the defendant the mayor, etc., nor the answer of said defendant, and that the same should stand as it was, and the order should be without prejudice to proceedings already had therein. Thereupon the plaintiff amended his complaint, setting up the filing of the claim by Gustaveson, denying and disputing such claim, and alleging that, by reason of said notice of claim, the city had refused, and still refuses, to pay to the plaintiff the said sum of $1,000 due to him upon said contract; and the plaintiff demanded judgment that the claim of Gustaveson should be declared not to exist as against him, and that the plaintiff have judgment against the city for the $1,000, with costs. Gustaveson, answering this amended complaint, alleged that he had been damaged to the amount of $750 by reason of the negligence, acts, omissions, carelessness, and want of skill on the part of the plaintiff, and that the plaintiff had wholly neglected to compensate the defendant for the damage and injury above set out, although request and demand had been duly made therefor. He then sets out somewhat incorrectly some of the provisions of the contract, grouping under one allegation and provision that part of the contract which related to the filing of claims by persons who had done work or furnished materials under the contract, and that part of the contract which authorized the city to retain indemnity against any claims which might be made upon the city because of negligence

upon the part of the contractor. The answer then alleges the no-. tice above mentioned, and that, in pursuance of the provisions of the contract, the city was retaining a sum of money from the amount due the contractor, sufficient to satisfy and discharge the lien and claim of the defendant.

The case came on for trial before the special term, and the counsel for the plaintiff moved that the case be stricken from the calendar, on the ground that it was not an action in equity, but one at law, triable at the trial term. This motion was opposed by the defendant Gustaveson. The same was denied, and the plaintiff's counsel excepted, and took no further part in the trial. The defendant Gustaveson then proved the contract above mentioned; that the city had retained the $1,000 upon final payment for the work; the alleged claim of Gustaveson; and the fact that on the 25th of January, 1888, the city had taken a bond of indemnity, the condition of which was that if the plaintiff should indemnify and save harmless the city from all actions, demands, and suits for the recovery of the damage and injury claimed to have been received by the claimant through the negligence of the contractor, and would pay, discharge, and satisfy any judgment, order, and decree which might be obtained by Gustaveson against Mansfield or the city, and all costs, etc., then the obligation should be void, otherwise to remain in full force and effect. The defendant Gustaveson then made some slight proof of damage which had been sustained by reason of the manner in which the contractor had done the work. Upon the termination of the evidence, the counsel for the city made a motion to dismiss the complaint, which was denied. Judgment was thereupon granted by the court in favor of the defendant Gustaveson; and it was adjudged that Gustaveson should recover against the plaintiff, Mansfield, and against the defendant the mayor, etc., the sum of $700, together with $125.72, costs and disbursements; and it was further adjudged that the defendant the mayor, etc., pay to Gustaveson or his attorney the sum of $875.72 out of any moneys it might have in its hands due to the plaintiff under the contract, or, in case no sum remained in its hands, that the city pay said sum in the same manner as other judgments against the defendant the mayor, etc., and adjudged that the defendant Gustaveson have execution against the plaintiff and against the defendant the mayor, etc., for said sum. From this judgment the present appeal is taken.

It seems to be somewhat difficult to understand upon what basis the court granted the order allowing Gustaveson to intervene in this controversy between the city and Mansfield. It probably arose from the fact of not bearing in mind the distinction between the clause relating to those persons who furnished labor and materials upon the work, and who are protected by a lien under the act in relation to city work, and the clause under which the city was entitled to retain such moneys as it might see fit in order to indemnify it against any claim which might be made for injuries to persons or property occasioned by the negligence of the contractor in the prosecution of the work. With any arrangements that might be made between the city and the contractor in relation to the latter class, no person who claimed to

have been injured through the negligence of the contractor, certainly, had anything to do. This was a mere matter of indemnity, which the city had a right to exact from its contractor. It was not a fund appropriated to the payment of such claim, except by way of indemnity to the city for liabilities that might be established against it in actions of that description. This is the reading of the contract, and this is the plain interpretation which must be placed upon the provision. There seems to have been some confusion, both in the mind of the court granting the order of intervention and in that of the pleader, in setting up Gustaveson's claim as contained in his answer. It seems to be assumed that the indemnity clause in the contract and the clause in respect to liens have some relation one to the other. It is apparent that they are entirely separate and distinct. Parties furnishing labor and materials have a right to file a lien against the moneys due to the contractor. No such privilege is conferred in respect to those who may have received injuries to person or property by the negligence of the contractor.

But it is said that the contractor has assented to this claim, and that these moneys have been reserved, and, as a result, it is but equity that they should be appropriated to the payment of this claim. It does not anywhere appear in this record that the plaintiff has assented to the claim of the defendant Gustaveson. The plaintiff had a right to a trial by jury of the claim made against him by Gustaveson for injuries sustained by reason of his alleged negligence. This trial he demanded. It was refused, and he excepted and went out of court, as he might safely do. It does not appear in any way that the plaintiff's right to appeal has expired, or that the judgment has become absolute as against him; and if the city were to pay the amount of this judgment, and the plaintiff were to appeal and secure a reversal, and be finally successful as against Gustaveson, the city would be compelled to pay plaintiff the $1,000, besides having paid Gustaveson his $875.

It is claimed upon the part of Gustaveson that because, after the retention by the city of the $1,000, the plaintiff accepted the balance as shown by the account, and gave a receipt in full of all claims and demands on said contract, except the amount retained as security for repairs, the plaintiff acquiesced in the retention of this sum by the city, and the city became a trustee of the fund for the benefit of Gustaveson to the extent of his claim against the plaintiff. It is apparent from the nature of the transaction that Mansfield did not by any means relinquish his claim to the $1,000 which appeared upon the account to have been retained. It was a mere acknowledgment of the payment of the balance of the account. It is true that it says "which is in full of all claims and demands on this contract"; but the account contains a statement of the retention of the sum of $1,000, conceded to be due to the plaintiff upon production of the proof required by the terms of the contract; and the city could not possibly defend, by reason of the language of this alleged receipt, an action brought by Mansfield to recover this $1,000. It certainly is a novel proposition that, where a party takes an indemnity against claims which might be urged against it by reason of the acts of another, it

becomes a trustee in respect to the indemnity fund, and that such fund is security for the claimant, and is not solely an indemnity to the party to whom it was given.    It might as well be said that, the city having accepted an indemnity bond against any liability which Gustaveson might establish, such bond inured to his benefit, and he could sue directly upon it.

We think that no cause of action whatever was shown as against the city, and that the complaint should have been dismissed.    The judgment is therefore reversed, with costs of the appeal, and judgment ordered as against the defendant Gustaveson, in favor of the defendant the mayor, etc., with costs of the action.    All concur.